IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **BRIAN DELGADO, JUSTIN GOODMAN, TRACEY HASHMAN, VALDIS KREMERS, GARY MISSI, WILLIAM SNYDER, DAVE CRAWFORD, SHANE HARRIS, ANTHONY HERMILLER, HERMAN KLUESNER, CHRISTOPHER LONG, KEVIN PITTMAN, KEVIN PYLE, ADAM SCHULLER, ANDREW SINCLAIR, RICK WEINGART, WILLIAM WOODCOCK, RYAN YANDELL, DAVID YARLOT, JOHN LINDSAY, and ROBERT LANDRUM,**<br><br>　　　　　　**Plaintiffs,**<br><br>v.<br><br>**DIRECTV, LLC, DIRECTSAT USA, LLC, and MULTIBAND CORP.,**<br><br>　　　　　　**Defendants.** | Case No.  1:14-cv-01722-SEB-DML |

**CASE MANAGEMENT PLAN**

**I.　Parties and Representatives**

　　A.　Names of parties:

　　　　**Plaintiffs:**  Brian Delgado, Justin Goodman, Tracey Hashman, Valdis Kremers, Gary Missi, William Snyder, Dave Crawford, Shane Harris, Anthony Hermiller, Herman Kluesner, Christopher Long, Kevin Pittman, Kevin Pyle, Adam Schuller, Andrew Sinclair, Rick Weingart, William Woodcock, Ryan Yandell, David Yarlot, John Lindsay, and Robert Landrum.

　　　　**Defendants:**  DIRECTV LLC, DirectSat USA, LLC and Multiband Corporation.

　　B.　Name, address, telephone, fax number, and e-mail address of all counsel:

　　　　**Plaintiffs' counsel:**

Ryan D. O'Dell
CA Bar No. 290802
500 West C Street, Suite 1750
San Diego, California 92101
Telephone:  619-400-5826
Facsimile:  619-400-5832
Email: odell@stuevesiegel.com

George A. Hanson
MO Bar No. 43450
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:  816-714-7100
Facsimile:  816-714-7101
Email:  hanson@stuevesiegel.com


**Counsel for Defendant Multiband Corp.:**

Richard P. Darke
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Tel: 312 499 6743
Fax: 312 277 2355
Email: RPDarke@duanemorris.com

Michael Tiliakos (Pro Hac Vice)
Natalie F. Hrubos (Pro Hac Vice)
Christina J. Fletcher (Pro Hac Vice)
DUANE MORRIS LLP
1540 Broadway
New York, N.Y. 10036-4086
Telephone: (212) 692-1000
Facsimile:  (212) 692-1020
Email: MTiliakos@duanemorris.com
Email: NFHrubos@duanemorris.com
Email: CJFletcher@duanemorris.com

**Counsel for Defendants DIRECTV, LLC and DirectSat USA, LLC:**

Colin Dougherty
Jonathan Christman
Fox Rothschild LLP
10 Sentry Parkway, Suite 200

      Blue Bell, PA 19422
      Telephone:  610-397-6500
      Facsimile:  610-397-0450
      Email: cdougherty@foxrothschild.com
        jchristman@foxrothschild.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

 A. The parties shall state the basis for subject matter jurisdiction.  If there is disagreement, each party shall state its position.

This action involves claims for alleged unpaid wages and overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. based on joint and several employment theories. Jurisdiction over Plaintiffs' individual FLSA claims is based on federal question jurisdiction under 28 U.S.C. § 1331.  Moreover, Plaintiffs allege the parties are diverse and each Plaintiff's individual claim, inclusive of attorneys' fees, exceeds $75,000; therefore, the requirements of 28 U.S.C. §1332 are satisfied.

 B. [Insert a one paragraph statement of plaintiff's claims, including the legal theories and facts upon which the claims are based.]

The Plaintiffs are each satellite television equipment installation technicians who worked in Indiana as members of Defendants' nationwide network of installation technicians known as "DIRECTV's Home Service Provider Network" (the "Provider Network").  Plaintiffs allege that DIRECTV formed and controlled the Provider Network through "Provider Agreements" that DIRECTV entered into with companies known as "Home Service Providers" or "HSPs," including Defendant Multiband.  Plaintiffs allege they worked for and were employed by DIRECTV and one or both HSP Defendants DirectSat and Multiband as part of the Provider Network.  Although Defendants contend that each Plaintiff worked as an "independent contractor," Plaintiffs allege that Defendants controlled, *inter alia*, each Plaintiff's work

3

assignments, installation procedures, performance standards, and payment policies.  Plaintiffs therefore contend, *inter alia*, that DIRECTV and, for certain Plaintiffs, DirectSat and/or Multiband  employed Plaintiffs under the applicable definitions of "employer" and "employee," subjecting DIRECTV, DirectSat, Multiband to the wage-and-hour requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, et seq.  Plaintiffs allege that they were not paid properly because the piece-rate-pay system used to compensate their work did not account for all time spent performing tasks for the Defendants' benefit.  Likewise, Plaintiffs allege their pay was unlawfully reduced by "charge backs," "roll backs," and unreimbursed expenses, resulting in payment below the FLSA's required minimum wage rate, and Plaintiffs were denied the required overtime premium even though they worked over 40 yours in a week.

> C. [Insert a one paragraph responsive statement of defendant's claims or defenses, including the legal theories and facts upon which the claims are based.]

Defendants deny Plaintiffs' allegations and further deny that Plaintiffs' claims have merit.  To the extent that Plaintiffs were W2 employees of Defendants, Defendants contend that they were properly compensated.  To the extent that Plaintiffs were engaged by a third-party subcontractor or subcontractors, Defendants contend that they did not employ or jointly employ Plaintiffs.  Defendants further deny any participation in a so-called scheme, as Plaintiffs have alleged, to avoid compliance with the FLSA.  Moreover, certain Plaintiffs claims against certain Defendants are time-barred in whole or in part.  In addition, Plaintiffs cannot establish that they have been injured or damaged in any way by any Defendant.  For the foregoing reasons, Plaintiffs fail to assert any legally cognizable claim against any Defendant.  Defendants reserve the right to raise additional defenses and affirmative defenses, in response to the Complaint.

    D.    Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

## III. Pretrial Pleadings and Disclosures

    A.  The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before [no later than 4 months from Anchor Date]. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.

        Based upon the Court's Order resetting case management deadlines (Doc. 40), including the Initial Pretrial Conference now set for May 1, 2015, the parties agree to exchange initial disclosures by May 1, 2015.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before August 18, 2015 [no later than 5 months from Anchor Date].

        Defendants contend that the scope of discovery will be impacted by the Court's resolution of their pending preliminary motions (i.e., motions to dismiss, motions to sever). Defendants therefore request that the discovery period commence after resolution of these preliminary motions, and that the above date be adjusted accordingly.

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before September 18, 2015 [no later than 6 months from Anchor Date].

        Defendants contend that the scope of discovery will be impacted by the Court's resolution of their pending preliminary motions (i.e., motions to dismiss, motions to sever). Defendants therefore request that the discovery period commence after resolution of these preliminary motions, and that the above date be adjusted accordingly.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before June 18, 2015 [no later than 5 months from Anchor Date].

        Defendants have the following pending motions: (1) Motions to Dismiss the First Amended Complaint (filed on April 20, 2015 by each Defendant) and (2) Motions to Sever Defendants Multiband and DirectSat (filed on April 20, 2015 by Multiband and DirectSat). Defendants have not yet filed Answers. Defendants request a date 60 days after the Court issues a ruling on their pending motions to

       file any motions for leave to amend their as yet unfiled Answers and/or to move to join additional parties.

E.      Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before August 18, 2015 [no later than 5 months from the Anchor Date].  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

       Defendants contend that the scope of this case, including Plaintiffs' alleged potential damages, will be impacted by the Court's resolution of their pending preliminary motions (i.e., motions to dismiss, motions to sever), and that Defendants will need sufficient discovery following resolution of its pending preliminary motions in order to respond to any claim Plaintiffs make for special damages and to Plaintiffs' settlement demand. Defendants request that the discovery period commence after resolution of their preliminary motions, and that the above date be adjusted to allow for sufficient discovery prior to requiring a response to Plaintiffs' demand.

F.      Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before February 18, 2016 [no later than 13 months from Anchor Date].  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before March 18, 2016 [30 days after Plaintiff(s) serves its expert witness disclosure]; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before February 18, 2016 [no later than 14 months from Anchor Date].

       Defendants contend that the scope of discovery will be impacted by the Court's resolution of their pending preliminary motions (i.e., motions to dismiss, motions to sever). Defendants therefore request that the discovery period commence after resolution of these preliminary motions, and that the above dates be adjusted accordingly.

G.      If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than August 12, 2016 [60 days before trial].  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

Defendants contend that the scope of discovery will be impacted by the Court's resolution of their pending preliminary motions (i.e., motions to dismiss, motions to sever). Defendants therefore request that the discovery period commence after resolution of these preliminary motions, and the above date be adjusted accordingly.

I.  All parties shall file and serve their final witness and exhibit lists on or before April 18, 2016 [no later than 14 months from Anchor Date].  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

Defendants contend that the scope of discovery will be impacted by the Court's resolution of their pending preliminary motions (i.e., motions to dismiss, motions to sever). Defendants therefore request that the discovery period commence after resolution of these preliminary motions, and that the above date be adjusted accordingly.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

Defendant Multiband and Defendant DirectSat have each moved to sever the claims brought against them for the reasons set forth in the Motions to Sever filed on April 20, 2015.  Multiband and DirectSat contend that because plaintiffs have improperly joined them as Defendants under Fed. R. Civ. P. 20 and 21, they should be severed, and this case should not proceed now, or in the future, with them joined together as Defendants.

K.  Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's  website at www.insd.uscourts.gov/Judges/CMP_info.htm.)

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether

7

the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

Please see ESI Supplement to the Report of the Parties Planning Meeting, filed concurrently herewith.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

Yes.

Plaintiffs anticipate filing a combined motion for summary judgment on common issues of law, which will likely include whether Defendants employed and/or jointly employed the Plaintiffs based upon the uniform policies and procedures Defendants imposed on each Plaintiff through the Defendants' employment network, i.e. the "Provider Network;" whether Defendants' piece rate payment scheme violated the FLSA; and whether Defendants may rely on one or more affirmative defenses to avoid liability as a matter of law.

Each Defendant anticipates filing separate summary judgment motions in this case. Defendants anticipate they will each seek summary judgment on the issue of whether they "jointly employed" Plaintiffs. To the extent that Plaintiffs were engaged by a third-party contractor or subcontractors, Defendants did not employ or jointly employ Plaintiffs under the FLSA, subject to proof anticipated to be obtained during discovery in this matter, and will seek summary judgment on this issue. To the extent that Plaintiffs were W2 employees of Defendant Multiband or DirectSat, Plaintiffs were properly compensated, and subject to proof through discovery, Defendants may file summary judgment on this point. Defendants also believe that certain Plaintiffs claims against certain Defendants are time-barred in whole or in part, and anticipate seeking summary judgment as to any untimely claims (to the extent the Court does not grant Defendants' motions to dismiss the untimely claims).

B. Select the track that best suits this case:

\_\_\_\_\_ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date. The Court encourages a track faster

9

than the standard track in all cases in which dispositive motions are not anticipated].

   __X___  Track 2: Dispositive motions are expected and shall be filed by <u>March 18, 2016</u> [no later than 12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by December 18, 2015 [no later than 7-10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by May 18, 2016 [no later than 12-16 months from Anchor Date]. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

Defendants agree that Track 2 is the appropriate track for this matter, however, Defendants contend that the scope of discovery will be impacted by the Court's resolution of their pending preliminary motions (i.e., motions to dismiss, motions to sever). Defendants therefore request that the discovery period commence after resolution of these preliminary motions, and the above dates be adjusted accordingly.

In addition, as set forth above, each Defendant anticipates filing a separate motion for summary judgment.

   _____  Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 12 months from Anchor Date]; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____ [no later than 30 days prior to the dispositive motion deadline date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date]. [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

   _____  Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.
[Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.**     **<u>Pre-Trial/Settlement Conferences</u>**

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in January/ 2016 [month/year].**

Defendants deny any and all liability for Plaintiffs' claims. Should the Court deny their pending motions to dismiss, Defendants will require sufficient discovery in order to determine whether settlement discussions would be productive in this matter.

### VI. Trial Date

The presumptive trial date is 20 months from the Anchor Date. The parties request a trial date in October 2016. The trial is by jury and is anticipated to take 12 trial days hours/days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

Defendants agree that track 2 is the appropriate track for this case, however, Defendants contend that the scope of discovery will be impacted by the Court's resolution of their pending preliminary motions (i.e., motions to dismiss, motions to sever). Defendants therefore request that the discovery period commence after resolution of these preliminary motions, and the trial date, above, be adjusted accordingly.

### VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should

11

file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

      6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

      1.      Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

      2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

      3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

      4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX.    **Other Matters**

[Insert any other matters any party believes should be brought to the Court's attention]

Dated: April 24, 2015                                    **STUEVE SIEGEL HANSON LLP**

                                                          By: s/Ryan D. O'Dell
                                                             Ryan D. O'Dell
                                                             500 West C Street, Suite 1750
                                                             San Diego, California 92101
                                                              Telephone: 619-400-5826
                                                              Facsimile: 619-400-5832
                                                              Email: odell@stuevesiegel.com

                                                              George A. Hanson
                                                              MO Bar No. 43450
                                                              460 Nichols Road, Suite 200

      Kansas City, Missouri 64112
      Telephone:  816-714-7100
      Facsimile:  816-714-7101
      Email:  hanson@stuevesiegel.com

      *Attorneys for Plaintiffs*


By: /s/Christina J. Fletcher
      Michael Tiliakos (Pro Hac Vice)
      Natalie F. Hrubos (Pro Hac Vice)
      Christina J. Fletcher (Pro Hac Vice)
      DUANE MORRIS LLP
      1540 Broadway
      New York, N.Y. 10036-4086
      Telephone: (212) 692-1000
      Facsimile:  (212) 692-1020
      Email: MTiliakos@duanemorris.com
      Email: NFHrubos@duanemorris.com
      Email: CJFletcher@duanemorris.com

      Richard P. Darke
      DUANE MORRIS LLP
      190 South LaSalle Street, Suite 3700
      Chicago, IL 60603-3433
      Tel: 312 499 6743
      Fax: 312 277 2355
      Email: RPDarke@duanemorris.com

      *Attorneys for Defendant Multiband Corp.*


By: /s/ Jonathan Christman
      Colin Dougherty
      Jonathan Christman
      Fox Rothschild LLP
      10 Sentry Parkway, Suite 200
      Blue Bell, PA 19422
      Telephone:  610-397-6500
      Facsimile:  610-397-0450
      Email: cdougherty@foxrothschild.com
            jchristman@foxrothschild.com

      *Attorneys for Defendants DIRECTV, LLC*
      **and DirectSat USA, LLC**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____     _____
Date                                                                  U. S. District Court
                                                                               Southern District of Indiana