# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRIAN DELGADO, *et al.*,<br><br>                      Plaintiffs,<br>   v.<br><br>DIRECTV, LLC, *et al.*,<br><br>                     Defendants. | Case No.: 1:14-cv-01722-SEB-DML<br><br>District Judge Sarah Evans Barker<br>Magistrate Judge Debra McVicker Lynch |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' "CONDITIONAL MOTION FOR TIME WITHIN WHICH TO SEEK LEAVE TO AMEND SHOULD COURT GRANT DEFENDANTS' MOTIONS TO DISMISS <u>PLAINTIFFS' FIRST AMENDED COMPLAINT</u>"**

**FOX ROTHSCHILD LLP**

Colin D. Dougherty
Jonathan D. Christman
10 Sentry Parkway, Suite 200, P.O. Box 3001
Blue Bell, PA 19422-3001
Telephone:  (610) 397-6500
Facsimile:  (610) 397-0450
cdougherty@foxrothschild.com
jchristman@foxrothschild.com

*Attorneys for Defendants*
*DIRECTV, LLC and DirectSat USA, LLC*

## TABLE OF CONTENTS

                                                                           **Page**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 1

CONCLUSION .................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Arce v. Barnes*,
No. 13-01777, 2015 WL 736228 (S.D.Ind. Feb. 1, 2015)....................2

*Crest Hill Land Dev. LLC v. City of Joliet*,
396 F.3d 801 (7th Cir. 2005)....................1

*James Cape & Sons Co. v. PCC Const. Co.*,
453 F.3d 396 (7th Cir. 2006)....................2, 3

*Murray v. Carlson*,
No. 11-42, 2013 WL 5874740 (S.D.Ind. Oct. 30, 2013)....................2

**Other Authorities**

Fed. R. Civ. P. 15....................1, 3

S.D. Ind. Civil L.R. 15-1....................2

Defendants DIRECTV, LLC ("DIRECTV") and DirectSat USA, LLC ("DirectSat") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this response in opposition to Plaintiffs' "Conditional Motion for Time within which to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint."

## INTRODUCTION

In yet another attempt to avoid the inevitable, Plaintiffs submit a Conditional Motion for Time within which to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint (the "Motion"). If the Court grants Plaintiffs' request, it would mark at least their *fourth* attempt to properly bring the same wage-and-hour claims by way of various different litigations stemming back to 2010. Setting the futility of any purported amendments aside, Plaintiffs' provisional and conditional request to bring such amendments lacks conformity with the Southern District of Indiana Local Rules and Seventh Circuit precedent. As such, the pending Motion must be denied.

## ARGUMENT

Plaintiffs are correct: "[M]erely including a request for leave to amend within a responsive brief may not be sufficient to preserve the request." D.E. 68 at 1. But Plaintiffs' Conditional Motion for Time within which to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint is fatally flawed. Without a proposed "Second" Amended Complaint, Plaintiffs' provisional request to cure their obvious pleading deficiencies falls flat.

To be sure, leave to amend "shall be freely given when justice so requires," *see* Fed. R. Civ. P. 15(a); however, "leave to amend is not automatically granted," *Crest Hill Land Dev. LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). Beyond the parameters established by

1

Federal Rule 15, Local Rule 15-1 of this District adds additional conditions for movants to obtain leave to revise their pleadings:

> **(a) Supporting Papers**.  A motion to amend a pleading must:
>
> **(1)**  *if it is filed electronically, include as attachments the signed proposed amended pleading and a proposed order*; or
>
> **(2)**  if it is filed directly with the clerk, be accompanied by a proposed order and one signed original and one copy of the proposed amended pleading.
>
> **(b) Form of the Amended Pleading.**  *Amendments to a pleading must reproduce the entire pleading as amended.*

S.D. Ind. Civil L.R. 15-1 (bold in original; italics added).  In line with the plain text of Local Rule 15-1, courts in this District deny motions for leave to amend where the movant fails to submit an accompanying proposed amended pleading.  *See Arce v. Barnes*, No. 13-01777, 2015 WL 736228, *2 (S.D. Ind. Feb. 1, 2015) (Lawrence, J.); *see also Murray v. Carlson*, No. 11-42, 2013 WL 5874740, *1 n. 3 (S.D. Ind. Oct. 30, 2013) (Barker, J.).  As this proves to be the case here, Plaintiffs' Motion must suffer the same fate.  *See generally* D.E. 68.

The Seventh Circuit, in *James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396 (7th Cir. 2006), highlighted the significance of Plaintiffs' failure to conform and, further, why Plaintiffs' non-compliance renders their Motion ripe for denial.  In *James Cape*, the plaintiff limited its purported request for leave to amend, in its response to the defendants' motion to dismiss, to an intention to "describe in even greater detail the damages it suffered" in the next-to-last paragraph of its brief.  *See id.* at 400-401.  In light of this, then-Chief Judge Flaum remarked that "[d]istrict courts are not mind readers, and should not be required to explain to parties whether or how their complaint could be drafted to survive a motion to dismiss."  *Id.* at 401.  Indeed, the court stated, the "district court could have quite reasonably believed that an amended

complaint would suffer the same fatal flaws as the one before it, and that the 'interests of justice' did not require permission to amend." *Id.* (quoting Fed. R. Civ. P. 15).  And, ultimately, the *James Cape* court held that "[e]ven assuming that [plaintiff] properly moved to amend, the district court did not abuse its discretion in dismissing with prejudice, since it had no way of knowing what the proposed amendment entailed." *James Cape*, 453 F.3d at 401.

Likewise, Plaintiffs' Motion – which fails to attach a proposed "Second" Amended Complaint – must be denied and their Complaint dismissed, with prejudice.  Similar to the request for leave made in *James Cape*, Plaintiffs' conditional motion for leave to amend is limited to two paragraphs of barebones legal conclusions lacking the required proposed revised pleading or, for that matter, any reference to any prospective amendments that will cure the deficiencies in the First Amended Complaint.  *See generally* D.E. 68.  Plaintiffs' deficiencies make it impossible to discern anything about their theoretical amendments – what the proposed amendment would entail; if the proposed amended pleading would suffer from similar fatal flaws as the previous ***three*** <u>(at least)</u> iterations did; or if the "interests of justice" compelled the Court to permit amendment.  And, as stated by the *James Cape* court, "[d]istrict courts are not mind readers, and should not be required to explain to parties whether or how their complaint could be drafted to survive a motion to dismiss." *James Cape*, 453 F.3d at 401.  Given this, denial of Plaintiffs' Motion and dismissal of this action, with prejudice, is appropriate.

## **CONCLUSION**

For all the foregoing reasons, Defendants request that this Honorable Court deny Plaintiffs' Conditional Motion for Time within which to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint.

                                        Respectfully submitted:

                                        **FOX ROTHSCHILD LLP**

                                        By: /s/ Colin D. Dougherty
                                               Colin D. Dougherty
                                               Jonathan D. Christman
                                               10 Sentry Parkway, Ste. 200, P.O. Box 3001
                                               Blue Bell, PA  19422
                                               (610) 397-6500 (tel); (610) 397-0450 (fax)
                                               cdougherty@foxrothschild.com
                                               jchristman@foxrothschild.com

Dated:  May 26, 2015                         *Attorneys for Defendants DIRECTV and DirectSat USA, LLC*

## **CERTIFICATE OF SERVICE**

I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon the following:

STUEVE SIEGEL HANSON LLP
George A. Hanson
460 Nichols Road, Suite 200
Kansas City, MO 64112
hanson@stuevesiegel.com

Ryan D. O'Dell
550 West C. Street, Suite 1750
San Diego, CA 92101
odell@stuevesiegel.com

LEAR WERTS LLP
Bradford B. Lear
Todd C. Werts
2003 W. Broadway, Suite 107
Columbia, MO 65203
werts@learwerts.com
lear@learwerts.com

*Attorneys for Plaintiffs*

DUANE MORRIS LLP
Christina Fletcher
1540 Broadway
New York, NY 10036-4086
cjfletcher@duanemorris.com

Richard P. Darke
190 South Lasalle Street, Suite 3700
Chicago, IL 60603-3433
rpdarke@duanemorris.com

*Attorneys for Defendant Multiband Corp.*

By: /s/ Colin D. Dougherty
     Colin D. Dougherty

Dated: May 26, 2015